UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| PENNYMAC LOAN SERVICES, LLC, | |
| Plaintiff, | Case No. 2:24-cv-00014 |
| v. | Judge Waverly D. Crenshaw, Jr. |
| | Magistrate Judge Alistair E. Newbern |
| JOEL AARON SUTTON et al., | |
| Defendants. | |

To:     The Honorable Waverly D. Crenshaw, Jr., District Judge

**REPORT AND RECOMMENDATION**

Plaintiff PennyMac Loan Services, LLC (PennyMac), has filed a motion to remand this unlawful detainer action to state court for lack of subject-matter jurisdiction. (Doc. No. 12.) This case is one of two actions pending in this Court between PennyMac and pro se parties Joel Aaron Sutton and Terry Melissa Sutton (the Suttons) related to the foreclosure and sale of the Suttons' home. Joel Aaron Sutton initiated Case No. 2:23-cv-00064 against PennyMac and other defendants on October 25, 2023, asserting claims of mortgage and securities fraud and antitrust violations, among other claims. *See* Complaint, *Sutton v. Penny Mac Loan Servs., LLC*, No. 2:23-cv-00064 (M.D. Tenn. Oct. 25, 2023), ECF No. 1; Fifth Amended Complaint, *Sutton v. Penny Mac Loan Servs., LLC*, No. 2:23-cv-00064 (M.D. Tenn. June 10, 2024), ECF No. 51. PennyMac initiated this action in the Court of General Sessions of Macon County, Tennessee, on December 18, 2023, by filing an unlawful detainer complaint against the Suttons. (Doc. Nos. 1-4, 13-1.) The Suttons removed the action to federal court (Doc. No. 1), and PennyMac filed a motion to remand (Doc. No. 12).

On May 17, 2024, the Court found that the Suttons had not filed a response in opposition to PennyMac's motion to remand within the time allowed by this Court's Local Rules and ordered the Suttons to show cause why they should be allowed to file an untimely response and why the motion should not be granted as unopposed. (Doc. No. 16.) In response to the Court's show-cause order, the Suttons filed a "motion to delay" this case or to "enjoin" it with the Suttons' other federal case (Doc. No. 17, PageID#146), and a "motion to dismiss" PennyMac's motion to remand (Doc. No. 18, PageID# 154). PennyMac has responded in opposition to the Suttons' motions (Doc. Nos. 19, 20), and the Suttons have filed a reply in support of their motion to dismiss PennyMac's motion to remand (Doc. No. 21). The parties also filed supplemental briefs (Doc. Nos. 25, 26) regarding PennyMac's motion to remand, as ordered by the Court (Doc. No. 24).

For the reasons that follow, the Magistrate Judge will recommend that the Court grant PennyMac's motion to remand and remand this action to state court.

## I.       Relevant Background

PennyMac filed its unlawful detainer complaint against the Suttons in the Macon County General Sessions Court on December 18, 2023, seeking possession of the property located at 876 Nichols Road in Dixon Springs, Tennessee. (Doc. Nos. 1-4, 13-1.) PennyMac alleges that the Suttons' right to possess the property "terminated because of . . . [a] foreclosure sale" and the Suttons received a written "notice to vacate" the property on November 17, 2023, with which they refused to comply. (Doc. No. 1-4, PageID# 38; Doc. No. 13-1, PageID# 122.)

On March 4, 2024, the Suttons removed PennyMac's unlawful detainer complaint to this Court "[p]ursuant to 28 U.S.C. §§ 1332, 1441[,] and 1446[.]" (Doc. No. 1, PageID# 1.) The Suttons state that "[t]his Court has jurisdiction over this matter under . . . §[ ]1332(a) because there is complete diversity of citizenship between the Plaintiffs and Defendants and more than $75,000.00 exclusive of interest and costs, is at stake." (*Id.* at PageID# 2, ¶ 5.)

PennyMac responded on April 24, 2024, by filing a motion to remand this action to state court. (Doc. No. 12.) PennyMac argues that the Court lacks subject-matter jurisdiction over its unlawful detainer claims against the Suttons because the "Notice of Removal fails to demonstrate that this Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331, fails to allege facts demonstrating complete diversity of citizenship between the [Suttons] and Penny[M]ac exists in this case, and likewise fails to establish that the minimum $75,000.00 amount in controversy requirement of 28 U.S.C. § 1332 is satisfied in this case." (Doc. No. 13, PageID# 115–16.)

The Suttons did not file a response in opposition to PennyMac's motion to remand within the time allowed by this Court's Local Rules and the Federal Rules of Civil Procedure. (Doc. No. 16.) The Court therefore ordered the Suttons to show cause "by May 31, 2024, why the Court should permit them to file an untimely response in opposition to PennyMac's motion to remand and why the Magistrate Judge should not recommend that the Court grant PennyMac's motion as unopposed." (*Id.* at PageID# 145.) The Court further ordered the Suttons "to file any response in opposition to PennyMac's motion to remand by May 30, 2024." (*Id.*)

On May 31, 2024, the Court received two filings from the Suttons by mail. (Doc. Nos. 17, 18.) The first filing is a "motion to delay" this case "until after [a] decision on case no. 2:23-CV-00064 or [to] enjoin both" "because the two cases are intertwined." (Doc. No. 17, PageID# 146, 147.) The Suttons state that "[h]aving these two cases going on at the same time has confused the[m]" because "notices for both cases were sent out around the same time" and the Suttons "mistakenly" thought that PennyMac filed its motion to remand in the other case. (*Id.* at PageID# 147.) The Suttons "thank the court for giving [them] more time to answer" PennyMac's motion to remand and "apologize[ ] to the court" for their confusion. (*Id.*) The Suttons argue that

"[i]t would be unequitable for a trial to evict [them] when the matter is still undecided about [their] claim that securities fraud and antitrust [ ] violations were in play to gain possession of [their] home." (*Id.*)

The second filing is a "motion to dismiss" PennyMac's motion to remand. (Doc. No. 18, PageID# 154.) The Suttons argue that "[j]urisdiction lies within this court because all securities fraud in commerce resides in Federal Court" and, alternatively, that the Court has diversity jurisdiction because the value of the house itself is more than $75,000.00. (*Id.* at PageID# 155.)

PennyMac responds that "the two cases are not 'intertwined'" because "this case . . . is strictly limited to the issue of Penny[M]ac's legal right to post-foreclosure possession of the Property following a November 14, 2023 foreclosure sale." (Doc. No. 19, PageID# 166.) It further argues that the Suttons have not established that this Court has subject-matter jurisdiction over its unlawful detainer claims (Doc. No. 20) and that, "in the absence of subject-matter jurisdiction over this case, . . . the Court is without authority to take any action other than to remand the case back to the Macon County, Tennessee General Sessions Court" (Doc. No. 19, PageID# 167).

The Suttons filed a reply in support of their motion to dismiss PennyMac's motion to remand arguing, among other things, that (1) "[f]ederal court[s] always ha[ve] jurisdiction over securities, securities fraud[,] and any violation of consumer law . . ."; (2) the Suttons' "home is worth over $300 thousand dollars . . ."; and (3) PennyMac is "part of a diabolical collusion/conspiracy to commit mortgage securities fraud and has plotted to steal the [Suttons'] home" and the Suttons, "as consumers, can only defend their claim in a Federal court of equity according to the [Consumer Credit Protection Act]." (Doc. No. 21, PageID# 174–75.)

On July 30, 2024, the Court found that further briefing was required on PennyMac's motion to remand because "neither the Suttons nor PennyMac ha[d] addressed the appropriate method for

4

determining the value of PennyMac's asserted right of possession in this case[,]" which is relevant to determining the amount in controversy for purposes of subject-matter jurisdiction. (Doc. No. 24, PageID# 245–46.) The Court noted that, "[a]s the parties that removed this action to federal court, the Suttons ultimately bear the burden of establishing that removal was proper and showing that the amount in controversy more likely than not exceeds \$75,000.00." (*Id.* at PageID# 246.) Accordingly, the Court ordered the parties "to file any supplemental briefing and evidence regarding the value of PennyMac's asserted right to possess the property at issue by no later than August 20, 2024." (*Id.*) The Court warned the Suttons "that failure to present additional argument and evidence [would] likely result in a recommendation that PennyMac's motion to remand be granted." (*Id.*)

PennyMac and the Suttons filed supplemental briefs on August 20, 2024. (Doc. Nos. 25, 26.)

## II.      Legal Standard

Federal courts are courts of limited subject-matter jurisdiction and can adjudicate only those claims authorized by the Constitution or an act of Congress. *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012). Article III of the Constitution extends the federal judicial power "to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States," and several other categories of cases not at issue here.[1] U.S. Const. art. III, § 2, cl. 1; *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Congress has also granted federal courts diversity jurisdiction over civil actions in which the parties are citizens of

---

[1]      For example, cases involving ambassadors, public ministers, and consuls and cases between two states or in which the United States is a party. U.S. Const. art. III, § 2, cl. 1.

different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Whether the Court has subject-matter jurisdiction is a "threshold" question in any action. *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). This reflects the fundamental principle that "'[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)); *see also Herr v. U.S. Forest Serv.*, 803 F.3d 809, 813 (6th Cir. 2015) ("In the absence of subject-matter jurisdiction, a federal court must dismiss the lawsuit—no matter how far along the litigation has progressed (including to the last-available appeal), no matter whether the parties forfeited the issue, no matter indeed whether the parties have waived it.").

## III.     Analysis

### A.     The Suttons' Motions

One of the Suttons' motions asks the Court to delay or enjoin this case and case No. 2:23-CV-00064 because the two cases are intertwined. (Doc. No. 17.) The Court construes this motion as a motion to consolidate the actions under Federal Rule of Civil Procedure 42(a), which provides:

> **(a) Consolidation.** If actions before the court involve a common question of law or fact, the court may:
>
> > **(1)** join for hearing or trial any or all matters at issue in the actions;
> >
> > **(2)** consolidate the actions; or
> >
> > **(3)** issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a)(1)–(3). "To consolidate two actions under Rule 42(a), however, the Court must have separate jurisdictional bases for each case." *Williams v. Shamburger*, Case No. 1:22-cv-202, 2022 WL 3718484, at *1 (E.D. Tenn. Aug. 29, 2022); *see also Heck v. Bd. of Trs., Kenyon Coll.*, 12 F. Supp. 2d 728, 747 (S.D. Ohio 1998) (finding that "consolidation under Rule 42(a) was

improper" where one "case was not properly removed and pending before this court prior to consolidation"); *U.S. ex rel. Owens-Corning Fiberglass Corp. v. Brandt Constr. Co.*, 826 F.2d 643, 647 (7th Cir. 1987) (holding that "Rule 42(a) requires that *both* actions be 'pending before the court' and an improperly removed action does not meet this criterion"). Because subject-matter jurisdiction is a threshold issue, the Court must address PennyMac's motion to remand before addressing the Suttons' Rule 42(a) motion.

The Suttons' other motion asks the Court to dismiss PennyMac's motion to remand. (Doc. No. 18.) Neither the Federal Rules of Civil Procedure nor this Court's Local Rules provide for the filing of a motion to dismiss another party's motion. The Court will therefore construe the Suttons' motion to dismiss (Doc. No. 18) as the Suttons' response in opposition to PennyMac's motion to remand (Doc. No. 12).

### B.    PennyMac's Motion to Remand

"On a motion to remand for lack of subject[-]matter jurisdiction, the party that removed the case to federal court 'bears the burden of establishing that removal was proper.'" *Huether v. Cont'l Aerospace Techs., Inc.*, 580 F. Supp. 3d 507, 510 (M.D. Tenn. 2022) (quoting *Tenn. ex rel. Slatery v. Tenn. Valley Auth.*, 311 F. Supp. 3d 896, 902 (M.D. Tenn. 2018)); *see also Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir. 1996) ("Removing defendants bear the burden of establishing federal subject-matter jurisdiction."). "[T]he determination of federal jurisdiction in a diversity case is made as of the time of removal." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000); *see also Ahearn*, 100 F.3d at 453 ("We look to the complaint at the time of removal . . . and determine whether the action was properly removed in the first place."). "Materials outside the pleadings may be considered, as appropriate, in deciding a motion to remand." *Wellgen Standard, LLC v. Maximum Legal Holdings, LLC*, No. 3:18-cv-00275, 2019 WL 1043395, at *1 n.1 (M.D. Tenn. Mar. 5, 2019) (citing *Casias v. Wal-Mart Stores, Inc.*, 695

F.3d 428, 433 (6th Cir. 2012)). Because "[d]ue regard for state governments' rightful independence requires federal courts scrupulously to confine their own jurisdiction to precise statutory limits[,]" *Ahearn*, 100 F.3d at 454, "'all doubts' about whether removal is proper must be resolved in favor of remand[,]" *Tenn. ex rel. Slatery*, 311 F. Supp. 3d at 902 (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)).

The Suttons' notice of removal relies on diversity jurisdiction under 28 U.S.C. § 1332(a) as grounds for this Court's removal jurisdiction. (Doc. Nos. 1, 1-2.) "To establish diversity jurisdiction, one must plead the citizenship of the corporate and individual parties." *Hayes v. Shelby Cnty. Tr.*, 971 F. Supp. 2d 717, 726 (W.D. Tenn. 2013) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)). Section 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). The Suttons' notice of removal states that PennyMac's "corporate office is located in Westlake Village" and the civil cover sheet attached to their notice or removal specifies that Westlake Village is located in "Los Angeles [C]ounty[,]" "Californi[a][.]" (Doc. No. 1, PageID# 2, ¶ 6; Doc. No. 1-2, PageID#21.) The Suttons state in another filing that PennyMac "formed in Delaware[.]" (Doc. No. 21, PageID# 174.) With respect to their own citizenship, the Suttons' notice of removal states that they reside in Dixon Springs, Tennessee (Doc. No. 1), and the civil cover sheet attached to their notice or removal indicates that they are citizens of Tennessee (Doc.

No. 1-2).[2] The Court therefore finds that the Suttons have adequately alleged that they are citizens of Tennessee and that PennyMac is a citizen of another state for purposes of diversity jurisdiction.[3]

The next question in determining whether the Court may exercise diversity jurisdiction over this action is whether there is more than $75,000.00 in controversy. *See* 28 U.S.C. § 1332(a). The removal statute provides that, "[i]f removal of a civil action is sought on the basis of [diversity] jurisdiction . . . , the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ." *Id.* § 1446(c)(2). If, however, "the initial pleading seeks"

---

[2]     Federal courts recognize that "[a]n individual is not necessarily a citizen of the place in which that individual resides. Rather, an individual is a citizen of the state in which that individual is domiciled, as defined by the individual's (1) physical presence within a state; and (2) intent to remain indefinitely." *Blaszczyk v. Darby*, 425 F. Supp. 3d 841, 845 (E.D. Mich. 2019) (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). However, "according to some federal courts, 'proof that a person is a resident of a state is prima facie evidence that he is a citizen thereof . . . .'" 13E Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3611 (3d ed. suppl. June 2024) (quoting *Kelleam v. Md. Cas. Co. of Baltimore*, 112 F.2d 940, 943 (10th Cir. 1940), *rev'd on other grounds*, 312 U.S. 377 (1941)); *see also Wellgen Standard, LLC*, 2019 WL 1043395, at *1 (finding that "complete diversity of citizenship exist[ed]" where "none of the defendants reside[d] in the same states as [p]laintiff" and the "[p]laintiff [ ] presented no countervailing evidence" regarding the parties' citizenship).

[3]     Removal would typically be inappropriate based on the Suttons' Tennessee citizenship because, under the forum defendant rule of 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). However, it is well established that "§ 1441(b)(2) is non-jurisdictional and must be raised by the plaintiff in a motion to remand" filed within thirty days after the filing of the notice of removal. *Southwell v. Summit View of Farragut, LLC*, 494 F. App'x 508, 511 n.2 (6th Cir. 2012) (first citing *Plastic Moldings Corp. v. Park Sherman Co.*, 606 F.2d 117, 119 n.1 (6th Cir. 1979); and then citing *RFF Family P'ship, LP v. Wasserman*, 316 F. App'x 410, 411–12 (6th Cir. 2009)); *see also Cincinnati Ins. Cos. v. Broan Nu-Tone, LLC*, No. 3:22-cv-00829, 2023 WL 1120874, at *2 (M.D. Tenn. Jan. 30, 2023) (Crenshaw, C.J.) ("All ten of the Circuits to have addressed the issue have held that the forum defendant rule is a non-jurisdictional, waivable defect, subject to the 30-day time limit under Section 1447(c)."). PennyMac filed its motion to remand more than thirty days after the Suttons filed their notice of removal and did not raise the forum defendant rule. (Doc. Nos. 13, 13-1.) The argument is therefore waived. *See Southwell*, 494 F. App'x at 511 n.2; *Cincinnati Ins. Cos.*, 2023 WL 1120874, at *2.

"nonmonetary relief[,]" then "the notice of removal may assert the amount in controversy . . . ." *Id.* § 1446(c)(2)(A)(i). Removal of an action seeking nonmonetary relief "is proper . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000.00]." *Id.* § 1446(c)(2)(B). "A removing defendant has the burden of showing that the amount in controversy 'more likely than not' meets the statutory threshold." *Endrawes v. Safeco Ins. Co.*, 737 F. App'x 731, 734 (6th Cir. 2018) (quoting *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007)).

The initial pleading in this action is PennyMac's unlawful detainer complaint, which only seeks possession of the property and does not demand monetary relief. (Doc. Nos. 1-4, 13-1.) The Suttons argue that the amount in controversy requirement is met because the property "is worth over $300 thousand dollars compared to . . . like home[s] in the area and properties in the area . . . ." (Doc. No. 21, PageID# 174.) But the Suttons have not presented any authority to support their argument that, under the circumstances here, the amount in controversy equals the value of the property. PennyMac's complaint alleges that it already acquired legal title to the property through a foreclosure sale and that PennyMac is only seeking possession of the property, i.e. the Suttons' eviction. *Cf. PHH Mortg. Corp. v. Lanou*, Civ. Action No. 14-10495, 2015 WL 162911, at *3 (D. Mass. Jan. 13, 2015) (finding that where "[p]laintiff makes clear in the [ ] complaint that it has already acquired legal title to the property through [ ] [a] foreclosure sale . . . [and] is primarily seeking possession of the property[,]" "the amount in controversy is not measured by the entire value of the property"). Consequently, "the amount in controversy does not equal the value of the property but instead the value of the right to possess the property." *YA Landholdings, LLC v. Sunshine Energy, KY I, LLC*, 871 F. Supp. 2d 650, 652 (E.D. Ky. 2012); *see also PHH Mortg. Corp.*, 2015 WL 162911, at *3 (finding that in unlawful detainer action seeking possession

"the object, or purpose, of the litigation is not the value of the physical property—which, according to Plaintiff, it already owns—but, rather, the value of Plaintiff's purported right to possession"); *id.* (collecting authority for the proposition that "where [p]laintiff merely seeks possession of property it already owns . . . , courts have held that the amount in controversy is not the value of the property").

The question therefore becomes "how to determine the monetary value of the right of possession[.]" *YA Landholdings, LLC*, 871 F. Supp. 2d at 652. Some courts have found "that the value of the possession right is equal to the property's rental value." *Id.* at 652–53 (collecting authority). "Another way of evaluating the amount in controversy in an action seeking injunctive relief is to total the costs of complying with the injunction." *Id.* at 653 (citing *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010)). "Similarly, some courts have valued the amount in controversy in an action [seeking injunctive relief] . . . as the amount that the defendant stands to lose if the plaintiff is successful." *Id.* at 654 (collecting authority). Alternatively, at least one "court determined the value of the right of possession in a forcible detainer action was equal to 'the marginal change in plaintiff's economic position if it obtains possession.'" *Id.* (quoting *A. Levet Props. P'ship v. Bank One, N.A.*, No. Civ.A. 03-1708, Civ.A. 03-1373, 2003 WL 21715010, at *3 (E.D. La. July 21, 2003)).

This Court found that neither the Suttons' nor PennyMac's initial briefing "addressed the appropriate method for determining the value of PennyMac's asserted right of possession in this case" and that the parties had not "presented sufficient evidence for the Court to determine the value on its own." (Doc. No. 24, PageID#245–46.) The Court therefore provided the parties an opportunity to submit "supplemental briefing and evidence regarding the value of PennyMac's

asserted right to possess the property at issue" and warned the Suttons "that failure to present additional argument and evidence [would] likely result in a recommendation that PennyMac's motion to remand be granted." (*Id.* at PageID# 246.) But the Suttons' supplemental brief continues to assert that the amount in controversy requirement is satisfied because the value of the house exceeds $75,000.00. (Doc. No. 26.) The Suttons argue that the "case law" rejecting this approach "does not apply to this case" because PennyMac is a "swindler[ ] of the worst sort" and its actions are "unlawful and unconstitutional . . . ." (*Id.* at PageID# 253.) But allegations regarding PennyMac's conduct have no relevance to establishing the amount in controversy and, thereby, the Court's diversity jurisdiction. Because the Suttons have not established the value of PennyMac's asserted right to possession despite the Court's warning that failure to do so would likely result in a recommendation that this case be remanded to state court, they have not met their burden as the removing party to show that this Court has jurisdiction to consider their claims. *See Huether*, 580 F. Supp. 3d at 510.

The Court should grant PennyMac's motion to remand.

## IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that PennyMac's motion to remand (Doc. No. 12) be GRANTED.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 27th day of January, 2025.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge